The Honorable Jodie Mahoney State Senator 106 W. Main, Suite 406 El Dorado, AR 71730-5693
Dear Senator Mahoney:
You have presented the following question for my opinion:
 Does Amendment 79's property tax relief for the principal residence of a person sixty-five years or older now apply to taxpayers in Union County? If it does not, when will be the first year for the relief to apply?
You state that it is your understanding that Union County did not have a countywide reappraisal between January 1, 1986 and December 31, 2000.
RESPONSE
It is my opinion, as explained more fully below, that the tax relief to which you refer will become applicable in Union County on the January 1st following the completion of the adjustments required by Section 2 of Amendment 79.
The portion of Amendment 79 that provides for tax relief for persons sixty-five years or older appears in Section 1 of the amendment, and states:
§ 1.
 (d)(1)(A) A homestead used as the taxpayer's principal place of residence purchased or constructed on or after January 1, 2001 by a disabled person or by a person sixty-five (65) years of age or older shall be assessed thereafter based on the lower of the assessed value as of the date of purchase or construction or a later assessed value.
 (B) When a person becomes disabled or reaches sixty-five (65) years of age on or after January 1, 2001, that person's homestead used as the taxpayer's principal place of residence shall thereafter be assessed based on the lower of the assessed value on the person's sixty-fifth birthday, on the date the person becomes disabled or a later assessed value.
 (C) If a person is disabled or is at least sixty-five (65) years of age and owns a homestead used as the taxpayer's principal place of residence on January 1, 2001, the homestead shall be assessed based on the lower of the assessed value on January 1, 2001 or a later assessed value.
 (2) Residing in a nursing home shall not disqualify a person from the benefits of this subsection (d).
 (3) In instances of joint ownership, if one of the owners qualifies under this subsection (d), all owners shall receive the benefits of this amendment.
 (4) This subsection (d) does not apply to substantial improvements to real property.
 (5) For real property that is subject to Section 2 of this Amendment [Ark. Const. Amend. 79, § 2], in lieu of January 1, 2001, the applicable date for this subsection (d) shall be January 1 of the year following the completion of the adjustments to assessed value required by Section 2 [Ark. Const. Amend. 79, § 2].
Ark. Const., Am. 79, § 1 (emphasis added).
The tax relief set forth in the above-quoted section of Amendment 79 does not apply to counties in which there was no countywide reappraisal between January 1, 1986 and December 31, 2000. This limitation on applicability is specifically stated in Section 2, as follows:
§ 2.
 (a)(1) Section 1 of this Amendment [Ark. Const. Amend. 79, § 1] shall not be applicable to a county in which there has been no county-wide reappraisal, as defined by law, and resulting assessed value of property between January 1, 1986 and December 31, 2000. Real property in such a county shall be adjusted according to the provisions of this section.
Ark. Const., Am. 79, § 2(a)(1).
Because the tax relief for persons at least 65 years of age is part of Section 1, I must conclude that in counties that did not have countywide reappraisals between January 1, 1986 and December 31, 2000, that tax relief did not become applicable on January 1, 2001, as it did for counties that did have such countywide reappraisals.
The question of when this tax relief will be available for these persons is explicitly addressed in Paragraph 5 of Section 1, quoted above. Again, that section states that for counties subject to Section 2 of the amendment, the date on which the provisions of Section 1 will become applicable is "January 1 of the year following the completion of the adjustments to assessed value required by Section 2." Section 2 of the amendment is specifically applicable to counties that did not have countywide reappraisals between January 1, 1986 and December 31, 2000. The tax relief of Section 1 will become applicable to those counties after they have complied with Section 2. The pertinent portion of the amendment states:
§ 2.
 (a)(1) Section 1 of this Amendment [Ark. Const. Amend. 79, § 1] shall not be applicable to a county in which there has been no county-wide reappraisal, as defined by law, and resulting assessed value of property between January 1, 1986 and December 31, 2000. Real property in such a county shall be adjusted according to the provisions of this section.
 (2) Upon the completion of the adjustments to assessed value required by this section each taxpayer of that county shall be entitled to apply the provision of Section 1 of this Amendment [Ark. Const. Amend. 79, § 11 to the real property owned by them.
Ark. Const., Am. 79, § 2(a)(1).
Counties subject to Section 2 must adjust as follows:
 (b) The county assessor, or other official or officials designated by law, shall compare the assessed value of each parcel of real property to the prior year's assessed value. If assessed value of the parcel increased, then the assessed value of the parcel for the first assessment resulting from reappraisal shall be adjusted by adding one-third (1/3) of the increase to the assessed value of the parcel for the previous year. An additional one-third (1/3) of the increase shall be added in each of the next two (2) years. This adjustment procedure shall not apply to public utility and carrier property. Public utility and carrier property shall be adjusted pursuant to Section 1 [Ark. Const. Amend. 79, § 1.]
Ark. Const., Am. 79, § 2(b).
On the January 1st following the completion of the above-quoted required adjustments, the provisions of Section 1 of the amendment, including the tax relief for persons at least 65 years of age, will become applicable in those counties. Such counties should also be cognizant of the provisions of A.C.A. § 26-26-1901 et seq., which establish a uniform system of real property assessment.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General